## IN THE UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF ALABAMA

| | | |
|---|---|---|
| **MARK PROVENCHER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.: 1:16-cv-485** |
| | ) | |
| **CAVALRY SPV I, LLC and** | ) | **JURY DEMAND** |
| **MCCULLOUGH  PAYNE  HAAN &** | ) | |
| **NADLER, LLC,** | ) | |
| | ) | |
| **Defendants.** | ) | |

### COMPLAINT

COMES NOW Plaintiff Mark Provencher, by and through counsel, in the above styled cause, and states his Complaint as follows:

### PARTIES

1.     Plaintiff Mark Provencher is a resident of Escambia County, Alabama, over 19 years of age, and is competent to bring this action.

2.     Defendant Cavalry SPV I, LLC. (hereinafter "Cavalry") is organized in Delaware with its principal place of business located in Valhalla, New York and was doing business in Escambia County, Alabama at all times material to this Complaint.

3.     Defendant McCullough Payne Haan & Nadler, LLC ("McCullough Payne") is registered in Georgia with its principal place of business in Birmingham, Alabama and was doing business in Escambia County, Alabama at all times material to this Complaint.

4.     McCullough, Payne, Haan, & Nadler, LLC merged with the law firm Nadler & Associates, P.C. on October 1, 2015.

-1-

5.      Jurisdiction is proper in this Court pursuant to 28 U.S.C. §1331.

6.      Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because a substantial portion of the facts and circumstances that give rise to the cause of action occurred in this District.

<u>FACTUAL ALLEGATIONS</u>

7.      An injury-in-fact, as required by Article III, "may exist solely by virtue of statutes creating legal rights, the invasion of which creates standing . . . ." *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 373 (1982); *see also Palm Beach Golf Ctr.-Boca, Inc. v. Sarris*, D.D.S., P.A., 781 F.3d 1245, 1251 (11th Cir. 2015) (stating same).

8.      "The FDCPA creates a private right of action, which [plaintiff] seeks to enforce." *Church v. Accretive Health, Inc.,* No. 15-15708, (11th Cir. July 6, 2016) (unpublished).

9.      The Act requires debt collectors to not falsely represent the character, amount, or legal status of any debt. 15 U.S.C. 1692e(2); *see also Church v. Accretive Health, Inc.,* No. 15-15708, (11th Cir. July 6, 2016) (unpublished) ("The Act requires that debt collectors include certain disclosures in an initial communication with a debtor, or within five days of such communication. See 15 U.S.C. § 1692e(11); 1692g(a)(1)- (5).").

10.      "The FDCPA authorizes an aggrieved debtor to file suit for a debt collector's failure to comply with the Act. See 15 U.S.C. § 1692k(a) ("[A]ny debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person . . . ."). *Church v. Accretive Health, Inc.,* No. 15-15708, (11th Cir. July 6, 2016) (unpublished).

11.      "Thus, through the FDCPA, Congress has created a new right-the right to receive the required disclosures in communications governed by the FDCPA-and a new injury-not receiving such

disclosures." *Church v. Accretive Health, Inc.,* No. 15-15708, (11th Cir. July 6, 2016) (unpublished).

12.     Plaintiff is a "consumer" for purposes of the Fair Debt Collection Practices Act ("FDCPA") as defined in 15 U.S.C. §1692a(3).

13.     Defendants McCullough Payne and Cavalry are each a "debt collector" for purposes of the Fair Debt Collection Practices Act ("FDCPA") as defined in 15 U.S.C. §1692a(6).

14.     Defendants McCullough Payne and Cavalry engaged in "communications" with Plaintiff for purposes of the Fair Debt Collection Practices Act ("FDCPA") as defined in 15 U.S.C. §1692a(2).

15.     Defendants McCullough Payne and Cavalry engaged in communications with Plaintiff for the purpose of collecting a "debt" as defined in the FDCPA at 15 U.S.C. §1692a(5).

16.     The debt Defendants McCullough Payne and Cavalry have attempted to collect from Plaintiff is a purported debt Defendant Cavalry claims it is owed.

17.     Defendant McCullough Payne was/is an agent of Defendant Cavalry and McCullough Payne collected on a purported debt on behalf of Cavalry under a contract between the two entities.

18.     Defendant McCullough Payne acted under the actual or apparent  authority of Defendant Cavalry when it sent Plaintiff correspondence to collect upon purported debts owed to Cavalry in behalf of and for the benefit of Defendant Cavalry.

19.     Defendant Cavalry has received benefit from its agent's, Defendant McCullough Payne, actions when it has received money from debtors in connection with the actions of McCullough Payne and has thereby ratified the acts of its agent, Defendant McCullough Payne.

20.     Defendant Cavalry has received money, directly or indirectly, from the actions of

Defendant McCullough Payne acting in its behalf and Cavalry has manifested its assent and/or consented to the actions of Defendant McCullough Payne.

21.     Plaintiff and Defendant McCullough Payne by and on behalf of Defendant Cavalry induced Plaintiff to enter into an agreement in January 2015 whereby Plaintiff would repay an amount owed to Defendant Cavalry.

22.     The agreement states Plaintiff will pay nineteen hundred dollars ($1900.00) plus costs in the amount of one hundred ninety-one dollars and forty-one cents ($191.41) for a total amount of two thousand ninety-one dollars and forty-one cents ($2,091.41) to be paid in  monthly installments of fifty dollars ($50.00) until paid.

23.     The agreement further states that all interest is stayed so long as payments are made.

24.     Starting in January 2015, Plaintiff began making payments as agreed.

25.     Plaintiff dutifully made all payments on the agreement between January 2015 and September 2015.

26.     Plaintiff made payments of fifty dollars ($50.00) each month from January through April 2015 and August through September 2015.

27.     Plaintiff even made payments of one hundred dollars ($100.00) May through July 2015.

28.     Thus, Plaintiff made payments in the amount of six hundred dollars ($600.00) from January through September 2015 reducing the amount he owed to one thousand four hundred ninety-one dollars and forty-one cents ($1491.41) as of September 2015.

29.     By correspondence dated September 17, 2015, Defendant McCullough Payne acting as agent of Defendant Cavalry sent Plaintiff correspondence stating the balance owed was one

thousand eight hundred eighteen dollars and sixty cents ($1818.60).

30.    The amount stated owing on the September 17, 2015 correspondence to Plaintiff was overstated and incorrect.

31.    Plaintiff made payments of fifty dollars ($50.00) each the months of October through December 2015, further reducing the amount owed to one thousand three hundred forty-one dollars and forty-one cents ($1341.41) as of December 2015.

32.     Defendant McCullough Payne acting as agent of Defendant Cavalry sent Plaintiff correspondence on December 2, 2015 stating Plaintiff owed the amount of one thousand seven hundred eighteen dollars and sixty cents ($1718.60).

33.    The amount stated owing on the December 2, 2015 correspondence to Plaintiff was overstated and incorrect.

34.    Defendant McCullough Payne was employed and retained by Defendant Cavalry to perform the debt collection activities it performed stated herein and McCullough Payne' actions in this matter were performed as an agent of Defendant Cavalry.

35.    The correspondence sent to Plaintiff are harassing as the intent and motive behind them is to harass Plaintiff into paying Defendants McCullough Payne and Cavalry more than he owes under the agreement.

36.    Plaintiff faces the real, concrete harm of having to pay more than he actually owes under the agreement based upon the Defendants' correspondence sent to him consistently stating a different and higher amount owed than is actually owed.

37.    Plaintiff was forced to hire legal counsel to resolve this issue to protect his interests in not having to pay more under the agreement than the parties agreed he would pay and/or future legal actions

at the hands of the Defendants.

38.     Plaintiff has suffered actual damages as a result of these illegal collection communications by Defendants McCullough Payne and Cavalry in the form of anger, anxiety, emotional distress, fear, frustration, upset, amongst other negative emotions, as well as incurring out of pocket costs and attorney fees.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION
## PRACTICES ACT 15 U.S.C. §1692 et seq.

39.     Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

40.     The actions by Defendants McCullough Payne and Cavalry through sending debt collection letters misrepresenting the amount owed were a  false, deceptive, or misleading representation or means in connection with the collection of a debt  in violation 15 U.S.C. §1692e.

41.     Defendants McCullough Payne and Cavalry, by and through their agents and/or employees, while acting in the line and scope of their employment and/or agency sent letters to Plaintiff falsely representing the amount of debt that was owed in violation of 15 U.S.C. §1692e(2).

42.     The actions by Defendants McCullough Payne and Cavalry by and through attempting to collect more than the amount owed is an unfair or unconscionable means to collect or attempt to collect any debt in violation of 15 U.S.C. §1692f.

43.     Defendants McCullough Payne and Cavalry, by and through their agents and/or employees, while acting in the line and scope of their employment and/or agency sent letters to Plaintiff with the intent of collecting, or natural result of which was to collect, more money than the amount

actually owed by agreement through charging interest, fee, charge, or expense incidental to the principal obligation not expressly authorized by the agreement in violation of 15 U.S.C. §1692f(1).

44.     Further, the natural consequence of the conduct of Defendants McCullough Payne and Cavalry in this matter as detailed throughout this Complaint is to harass, oppress, and abuse Plaintiff in violation of 15 U.S.C. §1692d.

45.     All actions taken by Defendants  McCullough Payne and Cavalry were done with reckless disregard, willfully, and/or with malice, and were done with either the desire to abuse, annoy, harass, and oppress Plaintiff and/or with the knowledge that their actions would very likely harm Plaintiff and/or that their actions were in violation of the FDCPA and/or that they knew or should have known that their actions were in reckless disregard of the FDCPA.

46.     Defendants  McCullough Payne and Cavalrys' violations of the FDCPA proximately caused the injuries and damages to Plaintiff as set forth in this Complaint, including actual damages in the form of anger, anxiety, emotional distress, fear, frustration, upset, amongst other negative emotions, as well as incurring out of pocket costs and attorney fees.

WHEREFORE, Plaintiff demands judgment against Defendant  McCullough Payne and Cavalry, jointly and severally, for statutory, actual, compensatory and/or punitive damages in an amount to be determined by the trier of fact, plus attorney's fees, interest from the date of injury, and the costs and expenses of this proceeding.  Further, Plaintiff prays for further and other just and equitable relief.

## COUNT II
## NEGLIGENT, RECKLESS, WANTON, MALICIOUS
## AND/OR INTENTIONAL CONDUCT

47.     All paragraphs of this Complaint are expressly adopted and incorporated by reference as if fully set forth herein.

48.     Defendant McCullough Payne itself, and on behalf of Defendant Cavalry, owed a duty to Plaintiff not to send collection letters stating and/or attempting to collect a different and higher amount than actually owed in violation of state and/or federal law.

49.     Defendant McCullough Payne itself, and on behalf of Defendant Cavalry, had a duty under Alabama law to act reasonably under the circumstances.

50.     Defendant McCullough Payne itself, and on behalf of Defendant Cavalry, violated this duty under Alabama law by sending Plaintiff collection letters stating and/or attempting to collect a different and higher amount than actually owed in violation of state and/or federal law.

51.     Defendant McCullough Payne itself, and on behalf of Defendant Cavalry, violated its duties to Plaintiff and such violations were made intentionally, recklessly, with reckless disregard, willfully, wantonly, maliciously, and/or negligently as Defendant refused to comply with all the duties that Defendants had.

52.     Plaintiff has been damaged as a proximate result of all Defendants' McCullough Payne and Cavalrys' wrongful conduct, jointly and severally, as set forth in this Complaint, including, but not limited to, Plaintiff suffered actual damages for worry, anger frustration, loss of sleep, anxiety, mental suffering, pain, and anguish in addition to out of pocket costs and attorney fees.

WHEREFORE, Plaintiff demands judgment against Defendants McCullough Payne and Cavalry jointly and severally, for actual, compensatory, and/or punitive damages in an amount to be determined by the trier of fact, together with attorneys' fees, interest from the date of injury and the costs and expenses of this proceeding.   Further, Plaintiff prays for further and other just and equitable relief.

## COUNT III
## NEGLIGENT HIRING, TRAINING, AND/OR SUPERVISION
## OF EMPLOYEES AND/OR AGENTS

53.     All paragraphs of this Complaint are expressly adopted and incorporated by reference as if fully set forth herein.

54.     Defendant McCullough Payne negligently, wantonly, willfully, recklessly, and/or intentionally hired, retained, and/or supervised incompetent personnel, who were allowed or encouraged to violate the law as was done to Plaintiff as stated throughout this Complaint, including sending collection letters to Plaintiff misrepresenting the debt and amount owed and is thereby responsible to the Plaintiff for the wrongs committed against Plaintiff and the damages suffered by Plaintiff.

55.     Defendant McCullough Payne's employees, agents, and/or representatives committed the violations of state and/or federal law as set forth in this Complaint.

56.     Defendant McCullough Payne was negligent or wanton in the hiring, training, and/or supervision of its employees and/or agents.

57.     The employees and/or agents of Defendants McCullough Payne while acting in furtherance of each one's employment or agency by contacting Plaintiff when they knew, or should have known, that sending collection letters to Plaintiff misrepresenting the debt and amount owed violated state and/or federal law was performed in the line and scope of each one's respective employment or agency and each was incompetent to perform his/her duties and Defendant did know, or should have known, of such incompetence.

58.     The negligent or wanton conduct of those employees and/or agents of Defendant McCullough Payne while acting in furtherance of each one's employment or agency and in the line

and scope of each one's respective employment or agency lead to and/or proximately caused Plaintiff to suffer damages as set forth in this Complaint.

WHEREFORE, Plaintiff demands judgment against Defendant McCullough Payne for actual, compensatory, and/or punitive damages in an amount to be determined by the trier of fact, together with attorneys' fees, interest from the date of injury and the costs and expenses of this proceeding. Further, Plaintiff prays for further and other just and equitable relief.

## COUNT IV

## FRAUD

59.     All paragraphs of this Complaint are expressly adopted and incorporated herein as if set forth herein in their entirety.

60.     Defendant McCullough Payne itself, and on behalf of Defendant Cavalry, wrongfully and knowingly represented to Plaintiff that a certain amount would be owed and paid by Plaintiff under an agreement entered into with Defendants,.

61.     The fact Defendant McCullough Payne itself, and on behalf of Defendant Cavalry, are claiming a higher amount is owed than is actually owed in collection letters to Plaintiff represent knowing material misrepresentations of material facts by the Defendants to Plaintiff.

62.     Plaintiff reasonably and justifiably relied upon these misrepresentations to his detriment by 1) making payments under the agreement; 2) foregoing  opportunities to pursue other alternative means; and 3) by seeking counsel for assistance in obtaining relief from Defendants false representations regarding the amount owed under the debt, which reasonable reliance caused Plaintiff to suffer damages as a proximate consequence of these Defendants' misrepresentations.

63.     As a result of the fraudulent, intentional, reckless, and/or mistaken misrepresentations

-10-

and deceit of material facts to Plaintiff by Defendant McCullough Payne itself, and on behalf of Defendant Cavalry, he was damaged and injured, including the following: Plaintiff has suffered and continues to suffer damages, including, but not limited to out of pocket dollars paid, costs, anger, anxiety, emotional distress, fear, frustration, upset, amongst other negative emotions.

WHEREFORE, Plaintiff demands judgment against Defendants McCullough Payne and Cavalry, jointly and severally, in an amount of compensatory damages to be determined by a jury in excess of the jurisdictional minimum of this Court, together with interest from the date of injury, and the costs of this proceeding.  Further, Plaintiff prays for further and other just and equitable relief.

## COUNT V

## FRAUDULENT SUPPRESSION

64.     All paragraphs of this Complaint are expressly adopted and incorporated herein as if set forth herein in their entirety.

65.      Defendant McCullough Payne itself, and on behalf of Defendant Cavalry, had a duty to disclose material facts to Plaintiff, including the material fact that even if he accepted their offer he would still be required to pay more than the parties agreed he would pay inducing Plaintiff to forego further negotiations and other alternatives.

66.     In fact, these Defendants did suppress and conceal these facts from Plaintiff, which did induce Plaintiff to act in a certain manner in accepting Defendants' offer.

67.     As a result of the fraudulent, intentional, reckless, and/or mistaken misrepresentations and deceit of material facts to Plaintiff by these Defendants, Plaintiff was damaged and injured, including the following: Plaintiff has suffered and continues to suffer damages, including,

but not limited to out of pocket dollars paid, costs, anger, anxiety, emotional distress, fear, frustration, upset, amongst other negative emotions.

WHEREFORE, Plaintiff demands judgment against Defendants McCullough Payne and Cavalry, jointly and severally, in an amount of compensatory damages to be determined by a jury in excess of the jurisdictional minimum of this Court, together with interest from the date of injury, and the costs of this proceeding. Further, Plaintiff prays for further and other just and equitable relief.

## COUNT VI

## BREACH OF AN EXPRESS/IMPLIED CONTRACT

68.    All paragraphs of this Complaint are expressly adopted and incorporated herein as if set forth herein in their entirety.

69.    Defendant McCullough Payne itself, and on behalf of Defendant Cavalry, actions in negligently, wantonly, willfully, and/or maliciously mis-accounting, failing to apply, and/or misapplying payments made by Plaintiff in accordance with the agreement entered into between Plaintiff and Defendants constitute a breach of an express or implied contract.

70.    Defendant McCullough Payne itself, and on behalf of Defendant Cavalry, entered into a contractual relationship with Plaintiff through their representations to Plaintiff regarding their agreement, which Plaintiff accepted and complied with the terms of the agreement.

71.    The representations by these Defendants to accept the offer, which Plaintiff did by making payments under the agreement, and at times more than the payment required by the agreement, constitute a contractual relationship between Plaintiff and these Defendants, and said contractual relationship  is either an extension of the contractual relationship entered into between Plaintiff and Defendants or is a separate and distinct contractual relationship of its own.

72.     Defendant McCullough Payne itself, and on behalf of Defendant Cavalry, entered into an agreement with Plaintiff and thereafter breached its agreement by sending letters that shown the agreed upon payments were not being applied as agreed as well as Defendants' intent to collect more than the agreed upon amount.

73.     As a proximate cause of said breach of contract Plaintiff has suffered and continues to suffer damages, including, but not limited to out of pocket dollars paid, costs, atorney fees, anger, anxiety, emotional distress, fear, frustration, upset, amongst other negative emotions.

WHEREFORE, Plaintiff demands judgment against Defendants McCullough Payne and Cavalry, jointly and severally, in an amount of compensatory damages to be determined by a jury in excess of the jurisdictional minimum of this Court, together with interest from the date of injury, and the costs of this proceeding.  Further, Plaintiff prays for further and other just and equitable relief.


     s/Wesley L. Phillips
Wesley L. Phillips (PHI053)
Attorney for Plaintiff

OF COUNSEL:
PHILLIPS LAW GROUP, LLC
Post Office Box 362001
Birmingham, Alabama 35236
Telephone: (205) 383-3585
Facsimile:  (800) 536-0385
Email: wlp@wphillipslaw.com


**PLAINTIFF DEMANDS A TRIAL BY JURY IN THIS MATTER .**


     s/Wesley L. Phillips
OF COUNSEL

-13-

**PLEASE SERVE SUMMONS AND COMPLAINT BY CERTIFIED MAIL AS FOLLOWS:**

McCullough Payne Haan & Nadler, LLC
James G. Whiddon, III
825 39th Street South, Suite D
Birmingham, Alabama 35222

Cavalry SPV I, LLC
CT Corporation System
2 North Jackson Street, Suite 605
Montgomery, Alabama 36104